WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Podgorny, et al., | No. CV-21-00288-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Ally Finance, | |
| Defendant. | |

Pending before the Court are two Motions. The first is *pro se* Plaintiffs' Motion to File an Amended Complaint (Doc. 13), which Defendant does not contest. (Doc. 14 at 1 n.1).[1] Therefore, the Court grants Plaintiffs' Motion (Doc. 13), and it will now consider the filing to be Plaintiffs' First Amended Complaint ("FAC").

The second matter is Defendant's Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss (Doc. 14). Plaintiffs subsequently filed a document captioned, in part, "Move for Summary of Judgment not to Compel Arbitration," (Doc. 17), which the Court will construe as a Response. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must liberally construe *pro se* filings). Defendant filed a Reply (Doc. 18).

**I.   Background**

The FAC's four claims against Defendant Ally Finance allege violations of the Fair Debt Collection Practices Act, the Truth in Lending Act, the Racketeer Influenced and

---

[1] Defendant notes that Plaintiffs' Motion to File an Amended Complaint is really a First Amended Complaint that Plaintiffs may file as of right. *See* Fed. R. Civ. P 15(a)(1).

Corrupt Organizations Act, and bring a claim of gross negligence. (Doc. 13 at 12–17). The FAC is largely verbose and difficult to understand, but the Court gathers Plaintiffs' dispute with Defendant is somehow related to a car loan. (Doc. 13 at 15) ("The Defendant is demanding monthly payments and collecting fund through E-Payment for representing they gave a loan(funds) to the Plaintiff which they never establish that they had lent any of their asset to fund the vehicle.").

## II. Defendant's Motion to Compel Arbitration or Dismiss

Defendant claims the loan is subject to an arbitration agreement and seek to compel arbitration or, in the alternative, to dismiss this matter for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 14). Attached to Defendant's Motion is a copy of a "Retail Installment Sale Contract" which names Judith Podgorny as the buyer of a 2020 Chevrolet. (Doc. 14-1 at 2). This Contract contains an "Arbitration Provision" that governs any "claim or dispute" which relates to the "credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . ." (*Id.* at 4). The Court will first address the Motion to Compel Arbitration and then the Motion to Dismiss.

### a. Motion to Compel Arbitration

The Federal Arbitration Act validates and governs arbitration agreements. 9 U.S.C. § 2. When a party seeks to compel arbitration, the court must first determine if a valid arbitration agreement exists and, if so, whether the agreement covers the dispute at issue. *Lee v. Intelius Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013). If a valid agreement exists that governs the dispute, the court must stay the proceedings until the contemplated arbitration is complete. 9 U.S.C. § 3.

The Court is unable to determine whether the FAC's claims are encompassed by the arbitration agreement, because, as Defendant says, the FAC is "incomprehensible." (Doc. 14). Although it seems likely, given some of the FAC's language and Defendant's characterization of the FAC, that the arbitration agreement does cover the dispute, the Court cannot say so definitively until it has a clearer understanding of Plaintiffs' claims.

Therefore, the Court will deny Defendant's request to compel arbitration without prejudice, with leave to refile if and when Plaintiff files a complaint with sufficient factual allegations to determine whether arbitration is necessary.

### b. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Court finds that the FAC fails to make a short and plain statement of its claims showing that Plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). While the FAC vaguely reference a vehicle loan, it says nothing more that allows the Court to infer that Defendant is liable for illegal conduct. *Iqbal*, 556 U.S. at 678. There is no mention of when the car was purchased, under what conditions, and why the conditions of that particular loan give rise to the specifically alleged claims, if they are indeed related at all. In addition, there is no clear statement of what injury Plaintiffs incurred and how the remedy they seek will redress it. Therefore, the Court will grant Defendant's Motion and dismiss the FAC in its entirety for failing to allege facts giving rise to any cognizable theory. *See Balistreri*, 901 F.2d at 699.

**III.    Leave to Amend**

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiffs] could not cure [the Complaint's] deficiencies by amendment," the Court will grant them the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (stating that leave to amend should be "freely" given "when justice so requires").

If Plaintiffs file a Second Amended Complaint, they must address the deficiencies identified above. Plaintiffs should follow the complaint form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21). Each claim or cause of action must be set forth in a separate count. The amended complaint must also state why venue is proper in this District Court. The Court also recommends Plaintiffs review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[2]

---

[2] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

To be clear, Plaintiffs "must articulate the exact legal theory of relief for each cause of action [they are] asserting by explaining: (1) the law or constitutional right [Plaintiffs] believe was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiffs] suffered as a result of that conduct. [Plaintiffs] must repeat this process for each theory underlying every specific cause of action." *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Within **thirty (30) days** from the date of entry of this Order, Plaintiffs may submit an amended complaint. Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint." This complaint must be *retyped or rewritten in its entirety* and may not incorporate any part of the original Complaint or FAC by reference. Plaintiffs should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

## IV. Warning

Plaintiffs are advised that if they elect to file a Second Amended Complaint but fail to comply with the Court's instructions explained in this Order, this action may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiffs fail to prosecute this action, or if they fail to comply with the rules or any Order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

/ / /
/ / /
/ / /
/ / /

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to File an Amended Complaint (Doc. 13) is **GRANTED**. The docket shall reflect that the filing at (Doc. 13) is Plaintiffs' First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss (Doc. 14) is **GRANTED** in part. The Court will dismiss Plaintiffs' First Amended Complaint (Doc. 13) with leave to file a Second Amended Complaint within thirty (30) days from the date of entry of this Order.

**IT IS FURTHER ORDERED** that the docket shall reflect that Plaintiffs' Motion for Summary Judgment (Doc. 17) is properly construed as a Response to Defendant's Motion (Doc. 14).

**IT IS FINALLY ORDERED** that if Plaintiffs' fail to file a Second Amended Complaint within thirty (30) days from the date of entry of this Order, the Clerk of Court shall kindly terminate this matter without further Order from the Court.

Dated this 23rd day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge