**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Podgorny, et al., | No. CV-21-00288-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Ally Finance, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Second Amended Complaint or, in the Alternative, to Compel Arbitration (Doc. 25). *Pro se* Plaintiffs have not filed a response, although they have subsequently filed a Third Amended Complaint (Doc. 26). Also pending before the Court is Defendant's Motion to Strike the Third Amended Complaint (Doc. 27). Three months after Defendant filed its Motion to Dismiss, *pro se* Plaintiffs filed a brief (Doc. 28), which the Court construed as Response and struck as untimely. (Doc. 29) (citing LRCiv. 7.2).

**I.  Background**

Plaintiffs filed their original Complaint on February 16, 2021. (Doc. 1). Defendant was served on March 12, 2021. (Doc. 21). Shortly thereafter, Plaintiffs filed a First Amended Complaint ("FAC") on March 30, 2021. (Doc. 13). Defendant then filed a Motion to Dismiss, which the Court granted. (Doc. 21). Plaintiffs have since filed their Second Amended Complaint ("SAC") (Doc. 24) and an additional Third Amended Complaint ("TAC") (Doc. 26).

As alleged in the SAC and TAC, Plaintiffs Alan and Judy Podgorny purchased a car in 2020 and sought to finance the purchase with a loan from Defendant Ally Finance Corporation. (Docs. 24 at 2; 26 at 3). During the contract negotiations, Plaintiffs claim they reserved their rights under "U.C.C. 1-308." (*Id.*) Plaintiffs then asked Defendant to "offset the book's entries on the liability's (accounts payable)" in order "to balance the books." (Docs. 24 at 3; 26 at 3). Plaintiffs allege that Defendant denied this request. (*Id.*) Although it is nowhere stated explicitly, the Court infers that Plaintiffs are bringing claims of breach of contract and fraud against Defendant.

Defendant's Motion to Dismiss argues that the SAC must be dismissed with prejudice for several reasons: (1) it fails to state a claim, (2) it is "indecipherable and prolix," and (3) it fails to comply with the Court's prior Order that explained what was required in an amended pleading. (Doc. 25 at 2). In the alternative, Defendant argues that any disputes arising from the loan are subject to an arbitration agreement. Furthermore, Defendant's Motion to Strike seeks to strike the TAC for failing to abide by the Federal Rules of Civil Procedure. (Doc. 27 at 2).

**II.     Defendant's Motion to Strike (Doc. 27)**

The Court will first address Defendant's Motion to Strike. Defendant argues that because Plaintiffs did not obtain Defendant's consent or Court leave to file the TAC, it is impermissible under Federal Rule of Civil Procedure 15(a)(2). Under Rule 15, a party may only amend its pleadings on its own once. Fed. R. Civ. P. 15(a). After that, the party must either seek the consent of the other party or leave of court to file amended pleadings. *Id.*

Here, Plaintiffs amended their pleadings as a matter of course when they filed their FAC. (Doc. 13). Although the Court granted leave for Plaintiffs to file the SAC, it has not granted leave to file the TAC. Defendant, likewise, has not consented to the TAC's filing. Therefore, the Court will grant Defendant's Motion and strike the TAC for failing to follow the Federal Rules of Civil Procedure.

**III.    Defendant's Motion to Dismiss**

The Court turns to Defendant's Motion to Dismiss.

- 2 -

### a. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If a plaintiff alleges fraud or mistake, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

/ / /

**b. Analysis**

Generally, Plaintiffs allege Defendant did not "offset the book's entries on liabilities" upon Plaintiffs' request. (Doc. 26 at 3). Defendant argues that Plaintiffs' claims are rooted in "unlawful money," "sovereign citizen and redemptionist [sic] theories," which are frivolous legal arguments made in an attempt to avoid paying for the car. (Doc. 25 at 7–8). Many courts have encountered frivolous redemptionists theories, which propound that through machinations of the Uniform Commercial Code, a citizen may contract for debt but never have to pay anything. *Monroe v. Beard*, 536 F.3d 198, 203 (3d Cir. 2008); *Swain v. Dir. of Corr.*, 2019 WL 7020322, at *2 (N.D. Cal. Dec. 20, 2019); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010); *Ray v. Williams*, 2005 WL 697041, at *6 (D. Or. Mar. 24, 2005), *report and recommendation adopted*, 2005 WL 1429907 (D. Or. June 16, 2005), *aff'd*, 234 F. App'x 570 (9th Cir. 2007).

The Court finds that Plaintiffs' SAC fails to state a plausible claim. The primary injury alleged in the SAC occurred when Defendant declined to "offset the book's entries on the liabilities . . . ." (Doc. 24 at 3). Plaintiffs claim they have do not have to pay "the alleged debt" and they have "a right to discharge the debt" so they are "asking for defendant Ally Finance to report" that their "vehicle is paid in full." (*Id.* at 3, 10). Plaintiffs have stated no plausible reason why they are entitled to such relief.

The Court finds that SAC is ultimately rooted in frivolous redemptionist theories. For example, the SAC makes the legal claim that:

> Ally Finance is in violation fo Judy Podgorny rights where she did sign the contract under U.C.C. 1-308, U.C.C. 1-306.6 law that protects her right not to perform "without prejudice Judy Podgorny reserve my right to be compelled to perform under any contract or commercial agreement that I did not enter knowingly, voluntarily and intentionally.

(Doc. 24 at 5). The SAC carries on in this matter making nonsensical arguments and citing to the Uniform Commercial Code for the proposition that Plaintiffs do not need to pay their car loan. (Doc. 24 at 110–11). Such allegations show Plaintiffs' claims are based on frivolous theories, not plausible legal claims.

For these reasons, the Court will grant Defendant's Motion to Dismiss and dismiss

Plaintiffs' SAC.  In addition, the Court will dismiss Plaintiffs' claims with prejudice and without leave to amend.  Although the Federal Rules of Civil Procedure require leave to amend when justice so requires, justice does not so require here.  *See* Fed. R. Civ. P. 15(a)(2).  A review of Plaintiffs' TAC shows Plaintiffs persist to in making frivolous legal claims, which the Court will not tolerate by permitting Plaintiffs another chance to amend their pleadings.  (*See* Doc. 26).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike (Doc. 27) is **GRANTED**.  The Clerk of Court shall strike Plaintiffs' Third Amended Complaint (Doc. 26) for failing to comply with the Federal Rules of Civil Procedure.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 25) is **GRANTED**.  Plaintiffs' Second Amended Complaint (Doc. 24) is dismissed with prejudice.  The Clerk of Court shall kindly terminate this matter.

Dated this 7th day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge